UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JUL 06 1998

UNITED STATES DISTRICT COURT
NRTHERN DISTRICT OF ALABAMA

BURDINE STUTSON, )
    Plaintiff, )
)
v. ) No. CV-97-P-1138-S
)
WAL-MART STORES, INC., )
    Defendant. )

**OPINION**

ENTERED
JUL 0 7 1998

    The defendant's Motion for Summary Judgment was submitted to this court at the May 29, 1998 motion docket. For the following reasons, this motion is due to be granted.

### Facts[1]

    The plaintiff is a black male who was hired as an area manager in the shipping area of Wal-Mart's Distribution Center in Cullman, Alabama in 1993. The plaintiff was at the lowest level of salaried management at the Distribution Center. The Distribution Center had a policy that an employee could not be demoted to a position lower than that in which he had begun working. Beginning in January 1994 and continuing through February 1996, the plaintiff received numerous performance evaluations, memoranda and verbal coachings indicating that the plaintiff had problems with submitting paperwork accurately and timely, achieving voidship and scanning accuracy, meeting production goals, and following other department procedures.

    In March 1996, the general manager informed the plaintiff that his employment would be terminated unless he immediately and dramatically improved his performance. The general

---

[1] The recitation of "facts" is based upon the presented materials viewed in the light most favorable to the plaintiff.

1



manager gave the plaintiff the opportunity to resign voluntarily, but the plaintiff did not do so. On March 20, 1996 the general manager told the plaintiff he was being terminated due to his poor performance. After timely filing an EEOC charge, the plaintiff filed this action in federal court, alleging that the defendant discriminated against him on the basis of race. Specifically, the plaintiff alleged that his poor performance resulted in discharge, whereas white supervisors' poor performance resulted in demotions.

## Analysis

The defendant's Motion for Summary Judgment is due to be granted. Even if the plaintiff could establish a prima facie case of race discrimination, the defendant has articulated a legitimate nondiscriminatory reason for the plaintiff's termination.[2] The plaintiff's well-documented performance problems provide a legitimate reason for termination. The plaintiff's claim that white employees were demoted instead of discharged does not demonstrate that the defendant's proffered reason was a pretext for race discrimination. The white employees demoted were not similarly situated to the plaintiff because several were supervisors of the plaintiff, one was an hourly employee, two asked to move out of management, and all were eligible to be demoted under the Distribution Center policy because they had begun in lower positions and had performed successfully there. Additionally, white employees who were not eligible for demotion were terminated due to poor performance. Because the plaintiff cannot demonstrate that any similarly situated white employees were demoted instead of terminated, the

---

[2] *See Texas Department of Community Affairs v. Burdine*, 450 U.S. 248 (1981); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

plaintiff cannot establish that the defendant's reason for discharging him was a pretext for race discrimination. Therefore, the defendant's Motion for Summary Judgment is due to be granted.

The defendant's motion also requested attorney's fees, costs, and expenses. An award of attorney's fees under Title VII is appropriate when the plaintiff's action was frivolous, unreasonable, or without foundation at the time it was brought.[3] Because the plaintiff's case was not frivolous, unreasonable, or without foundation, the defendant's request for attorney's fees is due to be denied. The defendant's request for costs is due to be granted.

Dated: July 6, 1998

Chief Judge Sam C. Pointer, Jr.

Service List:
    Mr. Henry L. Penick
    Mr. Charles A. Powell, III
    Ms. Jennifer F. Swain

---

[3] *See Christiansburg Garment Company v. EEOC*, 434 U.S. 412, 421-22 (1978).